UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KELLY PICKREN,

        Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS, LLC,

        Defendant.

Case No.: 3:19-cv-584

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, KELLY PICKREN (the "Plaintiff"), by and through the undersigned Counsel, and hereby sues Defendant, COMCAST CABLE COMMUNICATIONS, LLC ("Comcast"), and alleges the following:

1.      Plaintiff is an individual and citizen of Jacksonville, Duval County, Florida.

2.      Comcast is a foreign limited liability company with its principal place of business located in Philadelphia, Pennsylvania.

3.      Comcast's registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

4.      At all times, Comcast acted by and through its agents and employees, who at all times material acted within the course and scope of their employment and authority with Comcast.

5.      This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1337 and Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

6.     The unlawful employment practices alleged in this complaint were committed within the State of Florida in this judicial district and division.

7.     Venue is proper in this judicial district and division.

8.     Plaintiff timely filed a discrimination charge against Comcast with the Equal Employment Opportunity Commission ("EEOC").

9.     Plaintiff received a notice of her right to sue the EEOC on or about February 18, 2019. A true and accurate copy thereof is attached hereto as **Exhibit A**.

10.    Plaintiff worked as a cable technician for Comcast from March 2017 until she was fired in February 2018.

11.    On information and belief, during her employment, she was the only female technician in Orange Park, Florida.

12.    Shortly after being hired by Comcast, during the initial training, Comcast trainers and instructors told her that women do no last in the job for which she was hired by Comcast.

13.    They also told her that women were not worth training at Comcast.

14.    Once she was assigned to a team, following her training, her supervisors made substantially similar comments to her.

15.    During her first cable installation job with Comcast, the customer gave Plaintiff a tip/gratuity for her work.

16.    At the time, Plaintiff was with her supervisor, and her supervisor encouraged and approved the practice of receiving tips/gratuities from Comcast customers.

17.    During the following several months – indeed, during her entire tenure with Comcast – Plaintiff received tips/gratuities from Comcast customers with the knowledge, encouragement, and approval of her supervisors.

18.     However, Plaintiff was terminated from Comcast in or about February 2018, purportedly for her practice of accepting tips/gratuities from Comcast customers.

19.     Comcast's stated reason for terminating Plaintiff was pretextual.

20.     In reality, Comcast terminated Plaintiff because she is a female.

## COUNT I: SEX DISCRIMINATION

21.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-20 above.

22.     Plaintiff alleges a claim for relief against Comcast pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

23.     Specifically, Plaintiff alleges a claim for relief for sex discrimination.

24.     Plaintiff belongs to a protected group, *to wit*: she is a female.

25.     Comcast terminated Plaintiff because she is a female.

26.     Comcast's termination of Plaintiff was the product of intentional discrimination on the basis of her sex.

27.     At all times material, Plaintiff was qualified to perform the essential functions of her job with Defendant.

**WHEREFORE**, Plaintiff demands judgment against Comcast for the following:

    a.   Compensatory damages;

    b.   Punitive damages;

    c.   Costs of suit;

    d.   Reasonable attorney fees;

    e.   Trial by jury as to all issues so triable; and

    f.   Such other and further relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

28.     Plaintiff demands a trial by jury on all issues so triable as of right.

Dated May 17, 2019.                              **THE BONDERUD LAW FIRM, P.A.**

*/s/ **Andrew Bonderud***
Andrew M. Bonderud, Esq.
Florida Bar No. 102178
301 W. Bay Street, #1433
Jacksonville, FL 32202
904-438-8082 (telephone)
904-800-1482 (facsimile)
BonderudLaw@gmail.com
*Counsel for Plaintiff*